Anna H. Amend et al., as Executors of Anna E. Hoffmann, Deceased, and as Administrators with the Will Annexed of the Estate of George J. Hoffmann, Deceased, Respondents, *v.* Andrew J. Hurley, Appellant.

Second Department, May 1, 1944.

*Jackson A. Dykman, Chauncey B. Garver* and *Lester Kissel* for appellant.

*John P. McGrath, Joseph A. McNamara* and *Thomas J. Kavanagh* for respondents.

*Per Curiam.* Action to enforce the terms of a written instrument, which provides for a share of the profits of defendant's business, and for an accounting.

The underlying purpose of the discussion between the parties and their attorneys was for defendant to make payments out of the profits of the business for the personal benefit of Hoffmann's widow during the period of eight years next succeeding her husband's death. This was precisely what Hoffmann had done for his predecessor's widow at the time he took over the business.

It clearly appears from the testimony and the documentary evidence: (1) that following these discussions the parties agreed that the payments which defendant was to make to Mrs. Hoffmann were to cease upon her death; (2) that the failure of the written instrument so to provide was the result of mistake

of defendant's attorney; and (3) that at the time of the execution of the written instrument Mrs. Hoffmann and her attorney knew this and also knew not only that the writing did not accurately express the intention of the defendant and his attorney as to the terms to be embodied therein, but knew what the intention was. Therefore, the instrument should be reformed to express the true intention of the parties and to provide that all payments to Mrs. Hoffmann thereunder terminate upon her death. (See *Trenton Terra Cotta Co.* v. *Clay Shingle Co.,* 80 F. 46; *Welles* v. *Yates,* 44 N. Y. 525, 528; Restatement, Contracts, § 505.)

Plaintiffs in their reply admit that at the time of his death Hoffmann was indebted to defendant for money loaned in the sum of $55,000, plus 37½% of the profits of the business for the period from January 1, 1937, to the date of his death. At the time the discussions were had and the agreement made there never was any dispute as to the validity or amount of this indebtedness. In fact, when Mr. McNamara, the widow's attorney who conducted negotiations on her behalf, was asked if it was his information that the indebtedness was valid, he replied: "Yes, I verified that through Mrs. Hoffmann; she knew all about it." That part of this admitted indebtedness might be barred by the Statute of Limitations was first suggested at the trial. It may well be that the indebtedness was a running account in the Hoffmann business. In that event no part thereof came within the statute at the time the agreement was made.

While the net worth of Hoffmann's estate does not appear, admittedly the estate was solvent and Hoffmann's widow was the sole legatee. For aught that is shown by this record, the estate was able to pay the total indebtedness due defendant, and it is impossible to tell from it whether Mrs. Hoffmann parted with anything of value when she assumed the estate's indebtedness to defendant. With this factual background, the letter dated July 26, 1937, sent by Mr. McNamara to Mr. Sheldon, defendant's attorney, is most significant and establishes that the parties agreed that the instrument should contain a provision that the payments to Mrs. Hoffmann were to terminate upon her death. That this was the intention further appears from the draft agreement, incorporating such a provision, prepared by Mr. McNamara and inclosed in his letter of July 26, 1937.

The following findings of fact are affirmed: 1 to 17, inclusive, 19 to 29, inclusive, 33 to 36, inclusive, 38, 40 to 42, inclusive, 46, 48 to 53, inclusive, 62, 65, 66, 68, 69 and 70. Finding No. 37

is modified by eliminating the words "who were at all times during the pendency of such negotiations dealing at arm's length", and as thus modified the finding is affirmed. Finding No. 39 is modified by eliminating everything following the words "that the negotiations were continued", and as thus modified the finding is affirmed. Finding No. 43 is modified by eliminating the words "and said two questions were treated as part of the same subject matter", and as thus modified the finding is affirmed. Finding No. 47 is modified by eliminating everything following the words "Exhibit G", and as thus modified the finding is affirmed.

All other findings, namely, 18, 30, 31, 44, 45, 54 to 61, inclusive, 63, 64, 67 and 71 are reversed and not made.

All conclusions of law except Nos. 2 and 4 are reversed and disapproved. No. 2 is modified by eliminating the words "in all its terms and provisions", and as thus modified it is approved and adopted. No. 4 is approved and adopted.

All defendant's requests to find are adopted and findings made accordingly, with the exception of No. 71. No. 71 is modified by eliminating the words "as a gratuitous contribution to said Anna E. Hoffmann", and as thus modified the request is adopted, and the finding made accordingly.

All defendant's proposed conclusions of law are approved and adopted as conclusions of law, except Nos. 5 and 6, which are disapproved and not adopted.

The interlocutory judgment entered in favor of plaintiffs should be modified on the law and the facts as follows: By adding to the first decretal paragraph, after the date April 6, 1940, the words "and that they have judgment therefor"; by striking therefrom the second, third, fourth, fifth and sixth decretal paragraphs, and by adding thereto a paragraph providing that the defendant have judgment on the counterclaim and that the instrument in suit (Exhibit A, attached to the complaint) be reformed so as to include a provision that in case of the death of Anna E. Hoffmann prior to July 1, 1945, all her rights under the said instrument shall terminate as of the date of such death. As thus modified, the judgment should be affirmed, without costs.

CLOSE, P. J., and LEWIS, J. (dissenting). It seems highly incredible that a lawyer of many years' experience should, in the final draft of the contract, have crossed out the provision limiting payments during the life of Mrs. Hoffmann, that he should have neglected to notice the elimination of this previously controversial provision when he received the agree-

ment, and have overlooked it again when he advised his client to sign it. Modification is predicated upon the ground that the parties had arrived at a definite oral or written understanding prior to the signing of the instrument sought to be reformed. The earlier conversations and writings of the parties were purely negotiatory. There had been no final integration of ideas on important phases of the agreement. Until the final recasting of the contract, the parties were not in agreement as to the period to be covered by the payments to the widow, the assurances to be given by her for the personal payment of her husband's debts, and the insurance to be provided by defendant for her benefit in the event of his death. Since the parties were dealing at arm's length, McNamara was under no duty to inquire as to the reason for the many changes made by defendant's lawyer in the last draft of the contract. The weight of the evidence does not show that McNamara knew that any of these changes had been mistakenly rather than intentionally made. The record presents a question of fact. The Trial Justice's appraisal of the testimony should not be disturbed. (*Boyd* v. *Boyd,* 252 N. Y. 422, 429.)

CARSWELL, JOHNSTON and ADEL, JJ., concur; CLOSE, P. J., and LEWIS, J., dissent and vote to affirm in memorandum.

Interlocutory judgment entered in favor of plaintiffs modified on the law and facts as follows: (1) By adding to the first decretal paragraph, after the date April 6, 1940, the words " and that they have judgment therefor "; (2) by striking therefrom the second, third, fourth, fifth and sixth decretal paragraphs; and (3) by adding thereto a paragraph providing that the defendant have judgment on the counterclaim and that the instrument in suit (Exhibit A, attached to the complaint) be reformed so as to include a provision that in case of the death of Anna E. Hoffmann prior to July 1, 1945, all her rights under the said instrument shall terminate as of the date of such death. As thus modified, the judgment is affirmed, without costs.

Findings of fact and conclusions of law are modified in accordance with opinion *Per Curiam.*